JS-6   O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. SA CV 12-1497 DOC (JPRx)                                    Date: May 13, 2013

Title: DEALER SERVICES CORPORATION v. UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                      NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant U.S. Immigration and Customs Enforcement's ("Defendant's") Motion to Dismiss (Dkt. 11). The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering all briefing on the matter, the Court GRANTS Defendant's motion and DISMISSES the petition.

I.   Background

Plaintiff Dealer Services Corporation ("Plaintiff") is a creditor of the automobile dealer NCA International Services, Inc., which does business as Remate Del Monte ("Remate"). Compl. ¶ 2. Plaintiff's security interest in Remate includes "all of [Remate's] assets and properties, wherever located, including, without limitation, all Equipment of any kind or nature, all vehicles, vehicle parts, all inventory now owned or hereafter acquired, without limitation. . . ." *Id.* ¶ 7. That security interest is perfected, and Remate's outstanding balance due to Plaintiff was $233,824.34, as of April 20, 2012. *Id.* ¶ 8.

As dry as all of that sounds, this case also involves a car. A really fast car. It is a 2006 Lamborghini Murcielago, VIN ZHBU26S96LA02025 ("the Lamborghini"); it was seized by Defendant on February 1, 2012; and Plaintiff alleges that it was part of Remate's inventory and subject to Plaintiff's security interest at the time of its seizure. *Id.* ¶ 9. Defendant agrees that it was seized, pursuant to a warrant issued by Magistrate Judge Arthur Nakazato, *see* Chavez Decl. Ex. A (Dkt. 11-2) (warrant issued pursuant to evidence that the Lamborghini had been purchased with the proceeds of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(ii) and structuring in violation of 31 U.S.C. § 5324), and also agrees that its title documents listed Remate as the owner at the time of the seizure, Def's Mot. at 4. However, Defendant disagrees with Plaintiff's characterization of the Lamborghini as part of Remate's "inventory," arguing instead that "the person who acquired the vehicle was not an employee or authorized agent of Remate, did not buy the vehicle with Remate's money, acquired and possessed the vehicle for his own use, and never delivered the vehicle to Remate." *Id.*

It is undisputed that notice of the seizure was given to Plaintiff, as a creditor of Remate, on or about April 20, 2012. Compl. ¶ 10. The notice of seizure offered Plaintiff a number of options for asserting its interest in the Lamborghini: (1) Plaintiff could file an administrative petition with the government for remission of forfeiture pursuant to 19 U.S.C. § 1618 and 19 C.F.R. § 171.11; (2) Plaintiff could pursue a judicial resolution by filing a claim pursuant to 18 U.S.C. § 983(a)(2), requesting immediate referral of the matter to the U.S. Attorney, who would then decide whether to file a forfeiture action within 90 days pursuant to 18 U.S.C. § 983(a)(3); or (3) Plaintiff could submit an offer to pay the appraised domestic value in exchange for the Lamborghini, or file an "offer in compromise." Chavez Decl. Ex. B (Dkt. 11-3). The notice clearly stated that, should Plaintiff choose the administrative option, it could always request a referral to the U.S. Attorney and pursue a judicial resolution at any point before the issuance of a petition decision, or up to 30 days after an unfavorable petition decision. *Id.*

On May 9, 2012, Plaintiff filed its response to the seizure notification, and in that response Plaintiff chose the first (administrative) option, stating "I request that CBP consider my petition or offer administratively before forfeiture proceedings are initiated." Chavez Decl. Ex. C (Dkt. 11-4). At no point after that filing did Plaintiff request a referral to the U.S. Attorney or otherwise indicate that it wished to enter forfeiture proceedings pursuant to 18 U.S.C. 983(a)(2)(C).

On September 7, 2012, less than four months after filing its administrative petition, Plaintiff filed a Complaint in this Court seeking a writ of mandamus pursuant to 28 U.S.C. §§ 1361, 2201, and 2202, to order Defendant to give the Lamborghini to Plaintiff. *See* Compl. On February 4, 2013, Defendant filed the instant Motion to Dismiss, arguing both that this Court lacks subject matter jurisdiction and that Plaintiff's Complaint should be dismissed for failure to state a claim.

## II. Subject Matter Jurisdiction

### a. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction to adjudicate the claims. Once subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists). Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In evaluating a Rule 12(b)(1) motion, the question of whether the court must accept the complaint's allegations as true turns on whether the challenge is facial or factual. A facial attack is one in which subject matter jurisdiction is challenged solely on the allegations in the complaint, attached documents, and judicially noticed facts. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the lack of federal subject matter jurisdiction appears on the face of the pleadings. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In the case of a facial attack, the court is required to accept as true all factual allegations set forth in the complaint. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).

In contrast, a factual attack (or a "speaking motion") is one in which subject matter jurisdiction is challenged as a matter of fact, and the challenger "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. In assessing the validity of a factual attack, the court is not required to presume the truth of the plaintiff's factual allegations. *Id.* Rather, the court evaluates the allegations by reviewing evidence outside of the pleadings. *Id.*

### b. Discussion

Plaintiff has jumped the gun. The remedy of mandamus "is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon Inc.*, 449 U.S. 33, 34 (1980). Subject matter for mandamus relief "is only available to compel an officer of the United States to perform a duty if (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986) (internal citations omitted).

Defendant argues that Plaintiff fails on all three prongs of *Fallini*, since Plaintiff's claim of an interest in the car is not "clear and certain" due to its questionable ties to Remate, the evaluation of Plaintiff's administrative petition is discretionary and not "plainly prescribed," and finally because Plaintiff has several adequate alternate remedies

available. Def's Mot. at 6. The Court finds that Plaintiff so clearly fails the third prong, a lack of adequate alternative remedies, that it need not consider the other two.

Plaintiff had, and continues to have, the option of abandoning its administrative petition and pursuing its claims through the judicial forfeiture process outlined in 18 U.S.C. § 983. Instead of doing so, it is requesting that this Court grant the extraordinary remedy of a writ of mandamus ordering the United States to decide its administrative petition favorably. A writ of mandamus may only provide a remedy "if the plaintiff has exhausted all other avenues of relief." *Heckler v. Ringler*, 466 U.S. 602, 616 (1984); *see also Fallini*, 783 F.2d at 1345.

A party who initiates an administrative remission proceeding "must await the outcome of the administrative process that [it] has invoked." *Ibarra v. United States*, 120 F.3d 472, 476 (4th Cir. 1997). Alternatively, if Plaintiff wishes to end the administrative process, it may file a claim and cost bond and request judicial forfeiture proceedings pursuant to 18 U.S.C. § 983, which would begin within 90 days. *See also* 19 C.F.R. § 171.13 (the petition process ends after the case has been referred for the initiation of judicial forfeiture proceedings).

In opposition, Plaintiff spends many pages arguing that the extraordinary delay (of less than four months) from the time it filed its administrative petition to the time it filed its current Complaint, justifies mandamus action.[1] Opp'n at 4-8 (citing *United States v. One 1971 Opel G.T. Engine*, 360 F. Supp. 638 (C.D. Cal. 1973). In *1971 Opel*, the claimant filed a petition for remission pursuant to 19 U.S.C. § 1618 on May 17, 1972. *Id.* at 640. While the petition for remission was pending the claimant filed a claim and cost bond, and requested judicial forfeiture, on October 30, 1972. *Id.* The government did not file a forfeiture complaint until May 31, 1973 (after the position was denied). *Id.* The government unsuccessfully asserted that it could wait until the petition was decided before filing a civil forfeiture complaint. *Id.* at 640-41. Here, Defendant points out that it "has not taken a similar position in this case, and has instead pointed out that DSC is free at any time to file a claim and cost bond, which would trigger an obligation on the part of the government to file a civil forfeiture complaint." Def's Reply at 4.

Because Plaintiff had and has several adequate alternative remedies, the Court finds that it does not have jurisdiction to provide relief in the form of a writ of mandamus.

---

[1] The United States Supreme Court has held that there is no mandatory time frame for deciding a petition for remission. *United States v. Von Neumann*, 474 U.S. 242, 250 (1986); *see also United States v. $8,850 in United States Currency*, 461 U.S. 555, 565 (1983) (finding that an 18-month period to decide a petition for remission does not violate due process).

### III. Failure to State a Claim

Because the Court finds that it does not have subject matter jurisdiction to consider Plaintiff's Complaint for mandamus relief, it does not reach Defendant's 12(b)(6) arguments.

### IV. Disposition

Because this court lacks subject matter jurisdiction to consider Plaintiff's mandamus claim, Defendant's Motion to Dismiss is GRANTED and the Complaint for Mandamus relief is DISMISSED with prejudice.

The Clerk shall serve this minute order on all parties to the action.

Clerk's Initials: jcb